

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC 21 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      vs.<br><br>JASON PATRICK LAMBERT,<br><br>             Defendant. | Case No. **SA CR 10-0211 RNB**<br><br>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS |

On December 20, 2010, defendant's Motion to Suppress came on for hearing. Appearing on behalf of plaintiff United States of America was Assistant United States Attorney Terry K. Flynn. Appearing on behalf of defendant was retained counsel Rodney Nosratabadi. Defendant Jason Patrick Lambert also was present.

The following witnesses were called by the Government, and testified under oath and subject to cross-examination: Forest Service Officers John M. Smathers and William D. Ostrovitz. The following witnesses were called by defendant, and testified under oath and subject to cross-examination: Hillary Lange and defendant Jason Patrick Lambert. Government Exhibits 1 and 2 were admitted into evidence, as was Defense Exhibit A. After both sides rested, the Court afforded both counsel the opportunity to be heard. During the course of the argument, defendant withdrew the portion of his motion seeking to suppress his statements to Officer Smathers on Fifth Amendment grounds. Thus, the only portion of the motion remaining to be

1 | decided is the portion seeking to suppress the evidence of the marijuana on Fourth
2 | Amendment grounds.
3 |     "It has long been settled that objects falling in the plain view of an officer who
4 | has a right to be in the position to have that view are subject to seizure and may be
5 | introduced in evidence." <u>Harris v. United States</u>, 390 U.S. 234, 236, 88 S. Ct. 992,
6 | 19 L. Ed. 2d 1067 (1968); <u>see also</u> <u>United States v. Brown</u>, 470 F.2d 1120, 1122 (9th
7 | Cir. 1972). "To fall within the plain view exception, two requirements must be met:
8 | (1) the officers must be lawfully searching the area where the evidence is found; and
9 | (2) the incriminatory nature of the evidence must be immediately apparent." <u>United
10 | States v. Hammett</u>, 236 F.3d 1054, 1061 (9th Cir.), <u>cert. denied</u>, 534 U.S. 866 (2001).
11 |     Thus, for example, in <u>United States v. Hersh</u>, 464 F.2d 228, 230 (9th Cir.), <u>cert.
12 | denied</u>, 409 U.S. 1008 (1972), the Ninth Circuit held that the officers had not
13 | conducted an unlawful search, when after walking up to the front door of a house,
14 | they had looked inside through a partially draped open window and seen evidence of
15 | narcotics offenses. In <u>United States v. Garcia</u>, 997 F.2d 1273, 1279-80 (9th Cir.
16 | 1993), the Ninth Circuit held that the officers had not conducted an unlawful search
17 | when they went to the back door of a residence reasonably believing it was used as
18 | a principal entrance to the dwelling, and looking through the mesh screen door had
19 | seen the defendant holding a package that the officers suspected was cocaine. In
20 | <u>Hammett</u>, 236 F.3d at 1060-61, the Ninth Circuit held that marijuana plants observed
21 | by officers while circling the residence in an attempt to locate someone with whom
22 | they could speak were in plain view. In <u>United States v. Glenn</u>, 667 F.2d 1269, 1271
23 | (9th Cir. 1982), the Ninth Circuit upheld the denial of a suppression motion where the
24 | district court found credible the park ranger's testimony that, after stopping a
25 | defendant who had been driving erratically through Yosemite National Park and
26 | whose behavior after being stopped suggested that he might be under the influence
27 | of drugs, the ranger had spotted a glass jar containing hand-rolled cigarettes on the
28 | floor of the car that proved to contain PCP and then after removing the PCP cigarettes

1  from the car, had seen a jacket on the front seat with a plastic bag containing a leafy
2  substance protruding from the pocket and a grey plastic tool box under the jacket,
3  with another plastic bag containing a leafy substance protruding from it. The district
4  court had found that the search of the tool box and the jacket, and the seizure of the
5  marijuana, was authorized under the "plain view" doctrine.
6        Here, the Court finds the testimony of the Government witnesses in general,
7  and the testimony of Officer Smathers in particular, to be more creditworthy than the
8  testimony of the defense witnesses. Based on the testimony of Officer Smathers, the
9  Court finds that both requirements for applying the plain view doctrine were met.
10 Officer Smathers was lawfully checking defendant's campsite for payment of fees and
11 compliance with other Forest Service regulations when he observed a small amount
12 of leafy green material on the floor of defendant's partially open tent. Based on his
13 training and experience, Officer Smathers immediately recognized the substance as
14 marijuana, the possession of which Officer Smathers knew was illegal. Accordingly,
15 defendant's motion to suppress the evidence of the marijuana found in his tent is
16 denied.

18 DATED: December 21, 2010

                                  ROBERT N. BLOCK
                                  UNITED STATES MAGISTRATE JUDGE